UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

DEDEE DIANA BRAKHAHN,                                                       Case No. 17-13039-ta7

      Debtor.

DEDEE DIANA BRAKHAHN,

      Plaintiff,

v.                                                                         Adv. No. 18-1021-t

MARVIN and LINDA NASH and
MARVIN AND LINDA NASH REVOCABLE TRUST,

      Defendants.

## MEMORANDUM OPINION

Before the Court is Defendants' motion for summary judgment that Plaintiff cannot avoid their ownership interest in Plaintiff's former homestead. Defendants bought the property at a foreclosure sale. Minutes before Defendants recorded their deed, Plaintiff filed this bankruptcy case. Plaintiff then brought this proceeding under 11 U.S.C.[1] § 522(h),[2] arguing that Defendants' ownership was unrecorded when the case was filed and subject to avoidance under § 544(a)(3).[3] The issue before the Court is whether Defendants' recorded transcript of judgment (the subject of

---

[1] Unless otherwise indicated, all statutory citations are to 11 U.S.C.
[2] Plaintiff's complaint also seeks to avoid the transfer at issue under § 547. Given the Court's ruling on the § 544(a)(3) issue, the Court does not need to rule on Defendants' motion for summary judgment relating to § 547. The Court's cursory research on this issue, however, indicates that the summary judgment motion is not well taken. *See, e.g., In re Baum*, 15 B.R. 538, 540 (W.D. Va. 1981); *In re Johnson*, 2010 WL 5296944, at *4 (E.D. Mich.), *vacated to facilitate settlement*, 2011 WL 7637217; *In re Washkowiak*, 62 B.R. 884 (Bankr. N.D. Ill. 1986).
[3] Plaintiff also filed a § 522(f) motion in the main case to avoid Defendants' judgment lien as impairing her homestead exemption.

the foreclosure action) would put a bona fide purchaser on notice of the action, thus preventing avoidance of the unrecorded deed. The Court holds that it would not. Defendants' summary judgment motion therefore will be denied. Instead, the Court proposes to grant Plaintiff summary judgment on the issue.

## I.     FACTS

The Court finds that the following material facts are not in genuine dispute:

On July 8, 2004, Defendants gave lots 17, 18, and 19 in the William F. Greer Subdivision on Rockcrest Street in Continental Divide, New Mexico (together with a certain 1973 Gentry Mobile Home, the "Rockcrest Property"), to Tommy Brakhahn and Plaintiff. After the gift, the Rockcrest Property became Plaintiff's homestead.

Defendants later sold their business to Tommy Brakhahn, Plaintiff, and others. Defendants wished to retire and were counting on the sales proceeds to help fund their retirement. The proceeds were to be paid over time. The buyers defaulted.

Defendants sued Tommy Brakhahn, Plaintiff, and others in state court in 2014, seeking to collect the unpaid purchase price. On December 10, 2014, the state court entered a default judgment against Plaintiff and others for $216,983.39. The state court issued a transcript of judgment, which Defendants recorded on December 12, 2014.[4]

On May 3, 2017, Defendants brought a second state court action against Plaintiff and her husband to foreclose their judgment lien on the Rockcrest Property.

---

[4] Defendants misspelled Brakhahn in the action (it was spelled "Brakhan"). The transcript of judgment also misspelled the Brakhahns' last name. Whether the misspelling would prevent a title searcher from finding the transcript of judgment is a question of fact that that the Court will not address.

On September 20, 2017, the state court entered a Default Judgment for Foreclosure and Order of Sale in the action. The judgment ordered the special master's sale of the Rockcrest Property.

Tommy Brakhahn died in October, 2017.

On November 29, 2017, a special master auctioned the Rockcrest Property. Defendants were the high bidder. The special master filed a report of sale, which the state court approved on November 29, 2017.

On November 30, 2017, the special master delivered a deed to Defendants. Six minutes before Defendants recorded the deed, Plaintiff filed this bankruptcy case.

Plaintiff filed this adversary proceeding on April 12, 2018, seeking to avoid Defendants' ownership of the Rockcrest Property.

## II. DISCUSSION

A. <u>Summary Judgment Standards</u>.

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P.[5] 56. "[A] party seeking summary judgment always bears the initial responsibility of informing the ... court of the basis for its motion, and ... [must] demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). In determining whether summary judgment should be granted, the Court will view the record in

---

[5] Hereafter, "Rule." Rule 56 applies in this adversary proceeding by virtue of Fed. R. Bankr. P. 7056.

the light most favorable to the party opposing summary judgment. *Harris v. Beneficial Oklahoma, Inc. (In re Harris)*, 209 B.R. 990, 995 (10th Cir. BAP 1997).

To deny a motion for summary judgment, genuine factual issues must exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "[A] party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials . . . but must set forth specific facts showing that there is a genuine issue for trial." *Wilson v. Village of Los Lunas,* 572 Fed. App'x 635, 640 (10th Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248). If a party fails to properly address another party's assertion of facts, "the facts are considered undisputed." *Id.* (citing Rule 56(e)(2)); *see also Reed v. Bennett,* 312 F.3d 1190, 1194–95 (10th Cir. 2002) ("Even if the non-moving party does not file a response, the Court must satisfy itself that the movant's properly supported facts entitle the movant to judgment as a matter of law before the Court will grant summary judgment.").

Rule 56 gives the Court the flexibility to grant summary judgment to a party that has not asked for it:

> After giving notice and a reasonable time to respond, the court may:
>    (1)  grant summary judgment for a nonmovant;
>    (2)  grant the motion on grounds not raised by a party; or
>    (3)  consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

Rule 56(f). *See also In re Aquatic Pools, Inc.*, 567 B.R. 376, 378–79 (Bankr. D.N.M. 2017) (citing and using Rule 56(f)).

B.   <u>When Title to the Rockcrest Property Passed to Defendants</u>.

In New Mexico, title to a property in foreclosure passes when the special master's sale is approved by a court and the purchaser receives an interest in the property. *Morgan v. Texas Am.*

*Bank/Levelland*, 110 N.M. 184, 186 (S. Ct. 1990). Thus, title to the Rockcrest Property passed to Defendants on November 30, 2017, upon receipt of the deed.[6] Defendants held title to the Rockcrest Property when Plaintiff filed this bankruptcy case.

C.  Defendants' unrecorded deed creates the risk of avoidance.

Defendants' deed to the Rockcrest Property was not recorded when Plaintiff filed her bankruptcy case. The (just barely) post-petition recording, albeit clearly innocent, was void. *See Franklin Sav. Ass'n v. Office of Thrift Supervision,* 31 F.3d 1020, 1022 (10th Cir. 1994) ("any action taken in violation of the stay is void and without effect"); *In re Taylor*, 422 B.R. 270, 277 (Bankr. D. Colo. 2009) (recording deed post-petition was a stay violation and void).

N.M.S.A. § 14-9-3 describes the effect of unrecorded instruments:

No deed, mortgage or other instrument in writing not recorded in accordance with Section 14-9-1 NMSA 1978 shall affect the title or rights to, in any real estate, of any purchaser, mortgagee in good faith or judgment lien creditor, without knowledge of the existence of such unrecorded instruments. Possession alone based on an unrecorded executory real estate contract shall not be construed against any subsequent purchaser, mortgagee in good faith or judgment lien creditor either to impute knowledge of or to impose the duty to inquire about the possession or the provisions of the instruments.

Parties who "fail to record their conveyancing documents are at risk that their interest may be terminated by a bona fide purchaser for value." *In re Crowder*, 225 B.R. 794, 797 (Bankr. D.N.M. 1998).

D.  Debtor's Right to Use the Trustee's Strong-Arm Powers.

1.  § 544(a) Strong-Arm Powers. Under § 544 of the Bankruptcy Code:

(a) The Trustee shall have as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may

---

[6] In New Mexico, a grantee's possession of a validly executed deed raises a presumption of legal delivery. *Blancett v. Blancett*, 136 N.M. 573, 575 (2004).

avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by--

   (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;
. . . .

   (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

Section 544(a).

    2.    <u>Debtor may assert the trustee's strong-arm powers in some circumstances</u>. Under § 522(h):

A debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section[7] if the trustee had avoided such transfer, if—
   (1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724(a) of this title or recoverable by the trustee under section 553 of this title; and
   (2) the trustee does not attempt to avoid such transfer.

The undisputed facts show that Plaintiff can "step into the shoes" of the trustee and attempt to avoid the transfer under § 522(h). This is the purpose of this proceeding.

E.    <u>Section 544(a)(3)--Bona Fide Purchasers and Constructive Knowledge</u>.

The focus of Plaintiff's attack on Defendants' unrecorded deed is that it is avoidable under § 544(a)(3).[8]

---

[7] Section 544(g)(1) allows a debtor to exempt property recovered by the trustee if the transfer was not voluntary and the debtor did not conceal the property. § 544(g)(1) also allows the debtor to exempt recovered property if the avoided transfer was the fixing of a nonpossessory, nonpurchase-money security interest in household goods.

[8] Plaintiff also cites § 544(a)(1), but that section typically is used to avoid unperfected security interests in personal property. *See generally* 5 Collier on Bankruptcy ¶ 544.03, notes 6-10 and accompanying text (16th ed.).

-6-
Case 18-01021-t   Doc 32   Filed 01/25/19   Entered 01/25/19 15:46:03 Page 6 of 12

1. <u>Bona fide purchaser</u>. Under § 544(a)(3), the trustee assumes the position of a hypothetical bona fide purchaser and "is entitled to avoid any transfer a bona fide purchaser could avoid." *Watkins v. Watkins,* 922 F.2d 1513, 1514 (10th Cir. 1991).

A bona fide purchaser generally prevails over a prior unrecorded conveyance. *In re Seaway Exp. Corp.*, 912 F.2d 1125, 1128 (9th Cir. 1990); *Twentieth Century Land corp. v. Landmark North Freeway, Ltd. (In re Bill Heard Enterprises, Inc.)*, 420 B.R. 553, 560-61 (Bankr. N.D. Ala. 2009); *see also* 5 Collier on Bankruptcy ¶ 544.05, n. 16 and accompanying text (16th ed.) ("a trustee generally can avoid an unrecorded transfer of land, but not after having been put on constructive notice or inquiry notice of a prior claim."); *see generally* N.M.S.A. § 14-9-3 ("no deed . . . not recorded . . . shall affect the title or rights to, in any real estate of any purchaser . . .without knowledge of the existence of such unrecorded instruments").

What constitutes a "bona fide purchaser" is determined by state law. 5 Collier on Bankruptcy ¶ 544.05, n. 3 and accompanying text (16th ed.); *Crane v. Richardson (In re Crane)*, 742 F.3d 702, 706 (7th Cir. 2013); *In re Mosello*, 193 B.R. 147, 151 (S.D.N.Y. 1996). In New Mexico, a bona fide purchaser is one who has given value for property and is without actual or constructive notice of the adverse claim. *Kokoricha v. Estate of Keiner*, 148 N.M. 322, 328 (Ct. App. 2010).

2. <u>Actual knowledge versus constructive knowledge</u>. Under § 544(a), the trustee's "strong arm" powers may be exercised "without regard to any knowledge of the trustee or of any creditor. . . ." Section 544(a)(3) creates the fiction that a debtor-in-possession "who likely has actual knowledge of any transfers the debtor made," has no such knowledge, "in order to give the trustee, or debtor-in-possession with the powers of a trustee, the ability to avoid certain transfers for the benefit of the bankruptcy estate." *In re Crowder*, 225 B.R. at 796. Any actual knowledge

-7-
Case 18-01021-t    Doc 32    Filed 01/25/19    Entered 01/25/19 15:46:03 Page 7 of 12

of the debtor's prior transfer of real property is irrelevant to an analysis of whether a trustee or debtor in possession can avoid a transfer of real property pursuant to § 544(a)(3). *Id.*

The "without regard to any knowledge" language in § 544(a) is in contrast to the "against whom applicable law permits such transfer to be perfected" language of § 544(a)(3). The latter language "has been interpreted to mean that the state law of constructive notice remains applicable in the context of § 544(a)(3)." *In re Sandy Ridge Oil Co., Inc.*, 807 F.2d 1332, 1334 (7th Cir. 1986), citing *McCannon v. Marston*, 679 F.2d 13, 17 (3d Cir. 1982); *see also Watkins v. Watkins*, 922 F.2d at 1514 (the trustee's bona fide purchaser status is subject to the state's constructive notice law); *Patel v. Rupp*, 195 B.R. 779, 782 (D. Utah 1996) (trustee assumed the bona fide purchaser position subject to the state's notice laws); *In re Crowder*, 225 B.R. 794, 796 (Bankr. D.N.M. 1998) (citing *Watkins* and *Patel*); *Robertson v. Peters (In re Weisman),* 5 F.3d 417, 419 (9th Cir. 1993) ("State law determines whether the trustee's status as BFP will defeat the rights of the person against whom the trustee seeks to assert his powers."); 5 Collier on Bankruptcy ¶ 544.02[2], n. 11 and accompanying text (16th ed.) ("without regard to any knowledge of the trustee or of any creditor" refers to actual knowledge but not constructive notice).

Constructive notice is notice arising by presumption of law, or notice "presumed by law to have been acquired by a person and thus imputed to that person." Black's Law Dictionary (10th ed.). *See also* California Civil Code § 19 ("Every person who has actual notice of circumstances sufficient to put a prudent man upon inquiry as to a particular fact, has constructive notice of the fact itself in all cases in which, by prosecuting such inquiry, he might have learned such fact.").

Purchasers are on constructive notice of the contents of the real estate record. *Watkins*, 922 F.2d at 1514, citing *Jonas v. Dunn*, 270 P. 46, 50 (Okla. 1928). Further, New Mexico law recognizes that open possession of real property triggers a duty of inquiry. *See City of Rio Rancho*

*v. Amrep Sw. Inc.*, 150 N.M. 428, 423-44 (2011); *Crowder*, 225 B.R. at 797 (open and notorious possession of real property puts bona fide purchaser on inquiry notice).[9]

3. <u>Defendants' transcript of judgment did not put a bona fide purchaser on notice of the foreclosure action</u>. Applying the foregoing legal principles to this matter, the Court concludes that Defendants' transcript of judgment did not put Plaintiff on notice of the foreclosure action. Mortgages, liens, and similar foreclosable encumbrances should not be viewed as sufficient, by themselves, to give notice of a pending foreclosure action. Such a rule would place too much of a burden on buyers. County real estate records are filled with such liens and encumbrances. If every one of them functioned as notice of a possible foreclosure action that would have to be investigated, buyers would be substantially burdened. The Court did not find any case law, in New Mexico or elsewhere, holding that a recorded transcript of judgment or similar lien constituted such notice.

4. <u>A notice of lis pendens would have put a bona fide purchaser on notice</u>. Rather than placing the burden of proving a negative on buyers, New Mexico has made it easy for lienholders to give notice of pending foreclosure actions: the notice of lis pendens. N.M.S.A. § 38-1-14 provides:

> In all actions in the district court of this state or in the United States district court for the district of New Mexico affecting the title to real estate in this state, the plaintiff, at the time of filing his petition or complaint, or at any time thereafter before judgment or decree, may record with the county clerk of each county in which the property may be situate a notice of the pendency of the suit containing the names of the parties thereto, the object of the action and the description of the property so affected and concerned, and, if the action is to foreclose a mortgage, the notice shall contain, in addition, the date of the mortgage, the parties thereto

---

[9] As a side note, because of the "without regard to any knowledge" language in § 544(a), knowledge of facts sufficient to put a bona fide purchaser on inquiry notice may not do the same to a bankruptcy trustee. *See, e.g., In re Heaver*, 473 B.R. 734, 741 (Bankr. N.D. Ill. 2012) (because of the "without regard to" language in § 544(a), facts that might create inquiry notice under state law would not create constructive notice under bankruptcy law).

> and the time and place of recording, and must be recorded five days before judgment, and the pendency of such action shall be only from the time of recording the notice, and shall be constructive notice to a purchaser or encumbrancer of the property concerned; and any person whose conveyance is subsequently recorded shall be considered a subsequent purchaser or encumbrancer and shall be bound by all the proceedings taken after the recording of the notice to the same extent as if he were made a party to the said action.

If a buyer takes property after a notice of lis pendens has been filed, she takes subject to the outcome of the litigation. *See, e.g., Title Guar. & Ins. Co., v. Campbell*, 106 N.M. 272, 277 (Ct. App. 1987) (the party who filed a notice of lis pendens gets a judgment, the rights of that party relate back to the filing date of the notice); *High Mesa Gen. P'ship v. Patterson*, 148 N.M. 863, 865 (Ct. App. 2010) ("if a party has a personal interest in property, the filing of a notice of lis pendens protects the party's interest by binding a subsequent purchaser to the 'proceedings taken after the recording of the notice to the same extent as if [the purchaser] were made a party to the [underlying] action'"); *see generally* 5 Collier on Bankruptcy ¶ 544.02[2], n. 19 and accompanying text (16th ed.) (lis pendens gives constructive notice of the action, precluding the trustee from using the § 544(a)(3) avoiding power).

Had Defendants filed a notice of lis pendens, Plaintiff would not have been able to avoid the conveyance of the Rockcrest Property under § 522(h).

F.  Defendants' "Lack of Equity" Argument Fails.

Defendants also argued in their motion that:

> Debtor scheduled ownership of the Rockcrest Property with a value of $45,000. If the sale is avoided, the Debtor will have an ownership interest in the Rockcrest Property. But, the interest will be subject to the four-year-old Nash Creditors' Judgment of more than $216,000. The Debtor has no equity to exempt and therefore, cannot avoid the transfer under § 522(h).

This argument has no merit. It would be persuasive if the Defendants' interest were a mortgage, because § 522(f) does not allow the debtor to avoid a mortgage that impairs a homestead

exemption. Defendants' interest is a judgment lien, however, not a mortgage. Under § 522(f), judgment liens can be avoided to the extent they impair homestead exemptions. *See, e.g., In re Osborne*, 520 B.R. 861, 873 (Bankr. D.N.M. 2014) (judgment liens are the very definition of judicial liens and are subject to § 522(f) avoidance).

G.  Proposal to Grant Summary Judgment for the Plaintiff.

As noted above, under Rule 56(f)(1) the Court may grant summary judgment to a nonmoving party upon giving all parties notice and a reasonable time to respond. For the reasons set forth above, the Court is inclined to grant summary judgment in favor of Plaintiff to avoid Defendants' ownership interest in the Rockcrest Property. The Court will give Defendants 14 days to file a response, and then will consider whether to proceed with entry of such a summary judgment.

### III.  CONCLUSION

Under § 544(a)(3), the case trustee could have avoided Defendants' unrecorded deed to the Rockcrest Property. Given the lack of a notice of lis pendens, Defendants' constructive notice defense fails. As the trustee declined to seek such avoidance, Plaintiff has the right to do so under § 522(h). The Court therefore denies Defendants' motion for summary judgment and gives notice of its current intention to grant summary judgment in favor of Plaintiff.

_____
Hon. David T. Thuma
United States Bankruptcy Judge

Entered: January 24, 2019

Copies to: counsel of record